**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**CHARLESTON**

**JENNY WALLS,**

       **Plaintiff,**

**v.**                                      **CASE NO. 2:11-cv-0028**

**MICHAEL J. ASTRUE,
Commissioner of Social Security,**

       **Defendant.**

## PROPOSED FINDINGS AND RECOMMENDATION

This is an action seeking review of the final decision of the Commissioner of Social Security denying the plaintiff's application for disability insurance benefits ("DIB") under Title II of the Social Security Act, 42 U.S.C. §§ 401-433.   This case was referred to this United States Magistrate Judge by standing order to consider the pleadings and evidence, and to submit proposed findings of fact and recommendation for disposition, all pursuant to 28 U.S.C. § 636(b)(1)(B).   Both parties have submitted briefs in support of their positions.

The plaintiff, Jenny Walls (hereinafter referred to as "Claimant"), filed an application for DIB on June 1, 2007, alleging disability as of September 1, 2004, due to being diabetic and arthritic, and having problems with her back, nerves, hips and legs. (Tr. at 90, 119.)   Claimant's last date for which she was eligible to receive DIB was September 30, 2004.   The claim was denied initially and upon reconsideration.   (Tr. at 40-41, 50-51.)   On January 9, 2008, Claimant requested a hearing before an Administrative Law Judge ("ALJ").   (Tr. at 53-54.)   The hearing was held on August 18,

2009, before the Honorable Theodore Burock.  (Tr. at 18-35.)  By decision dated October 5, 2009, the ALJ determined that Claimant was not entitled to benefits.  (Tr. at 6-17.)  The ALJ's decision became the final decision of the Commissioner on November 20, 2010, when the Appeals Council denied Claimant's request for review.  (Tr. at 1-5.)  On January 12, 2011, Claimant brought the present action seeking judicial review of the administrative decision pursuant to 42 U.S.C. § 405(g).

Under 42 U.S.C. § 423(d)(5), a claimant for disability has the burden of proving a disability.  See Blalock v. Richardson, 483 F.2d 773, 774 (4th Cir. 1972).  A disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable impairment which can be expected to last for a continuous period of not less than 12 months . . . ."  42 U.S.C. § 423(d)(1)(A).

The Social Security Regulations establish a "sequential evaluation" for the adjudication of disability claims.  20 C.F.R. § 404.1520 (2009).  If an individual is found "not disabled" at any step, further inquiry is unnecessary.  Id. § 404.1520(a).  The first inquiry under the sequence is whether a claimant is currently engaged in substantial gainful employment.  Id. § 404.1520(b).  If the claimant is not, the second inquiry is whether claimant suffers from a severe impairment.  Id. § 404.1520(c).  If a severe impairment is present, the third inquiry is whether such impairment meets or equals any of the impairments listed in Appendix 1 to Subpart P of the Administrative Regulations No. 4.  Id. § 404.1520(d).  If it does, the claimant is found disabled and awarded benefits.  Id.  If it does not, the fourth inquiry is whether the claimant's impairments prevent the performance of past relevant work.  Id. § 404.1520(e).  By satisfying inquiry four, the claimant establishes a prima facie case of disability.  Hall v.

Harris, 658 F.2d 260, 264 (4th Cir. 1981).   The burden then shifts to the Commissioner, McLain v. Schweiker, 715 F.2d 866, 868-69 (4th Cir. 1983), and leads to the fifth and final inquiry: whether the claimant is able to perform other forms of substantial gainful activity, considering claimant's remaining physical and mental capacities and claimant's age, education and prior work experience.   20 C.F.R. § 404.1520(f) (2009).   The Commissioner must show two things: (1) that the claimant, considering claimant's age, education, work experience, skills and physical shortcomings, has the capacity to perform an alternative job, and (2) that this specific job exists in the national economy. McLamore v. Weinberger, 538 F.2d 572, 574 (4th Cir. 1976).

In this particular case, the ALJ determined that Claimant satisfied the first inquiry because she did not engage in substantial gainful activity from her alleged onset date through her date last insured, *i.e.*, the month of September, 2004.  (Tr. at 11.) Under the second inquiry, the ALJ found that Claimant suffered from the severe impairments of diabetes mellitus, obesity and back impairment.  (Tr. at 11.)  At the third inquiry, the ALJ concluded that Claimant's impairments did not meet or equal the level of severity of any listing in Appendix 1.  (Tr. at 12.)  The ALJ then found that, through her date last insured, Claimant had a residual functional capacity for the full range of light work.  (Tr. at 13.)  As a result, Claimant could have returned to her past relevant work as a floral designer.  (Tr. at 16.)  On this basis, benefits were denied. (Tr. at 17.)

Scope of Review

The sole issue before this court is whether the final decision of the Commissioner denying the claim is supported by substantial evidence.   In Blalock v. Richardson,

3

substantial evidence was defined as

> "evidence which a reasoning mind would accept as sufficient to support a particular conclusion. It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance. If there is evidence to justify a refusal to direct a verdict were the case before a jury, then there is 'substantial evidence.'"

Blalock v. Richardson, 483 F.2d 773, 776 (4th Cir. 1972) (quoting Laws v. Celebrezze, 368 F.2d 640, 642 (4th Cir. 1966)). Additionally, the Commissioner, not the court, is charged with resolving conflicts in the evidence.   Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990).   Nevertheless, the courts "must not abdicate their traditional functions; they cannot escape their duty to scrutinize the record as a whole to determine whether the conclusions reached are rational."   Oppenheim v. Finch, 495 F.2d 396, 397 (4th Cir. 1974).

A careful review of the record reveals the decision of the Commissioner in this case is supported by substantial evidence.

Claimant's Background

Claimant was 54 years old at the time her insured status expired on September 30, 2004.   (Tr. at 22.)   Claimant graduated from high school.   (Tr. At 24.)   In the past, she worked as a floral designer.   (Tr. at 32.)

The Medical Record

The court has reviewed all the evidence of record, but has focused on the medical evidence relating to the summer and fall of 2004, particularly from her treating physician.

4

<u>Claimant's Challenge to the Commissioner's Decision</u>

Claimant asserts that the Commissioner's decision is not supported by substantial evidence because the ALJ failed to comply with 20 C.F.R. § 404.1527 by failing to accord adequate weight to the opinion of her treating physician.   (Pl.'s Br. at 2-4.)

The Commissioner argues that, during the relevant time period, there is little evidence indicating that Claimant was disabled, and substantial evidence supports the ALJ's decision that the opinion of Claimant's treating physician should not be given weight.   (Def.'s Br. at 3-10.)   Claimant's treating physician was Miraflor Khorshad, M.D.

Prior to September 30, 2004, her medical records from Dr. Khorshad consisted of laboratory test results of blood and urine.   (Tr. At 198-209.)   The record contains an MRI report dated July 28, 2001, three years *before* Claimant's date of onset, which reflects the following:

> Extrinsic compression along anterior aspect of lumbar thecal sac at L4-5 and L5-S1 levels by concentric disc bulging possibly in combination with tiny marginal osteophytes resulting in mild spinal stenosis and possible nerve root impingement.   These findings are unchanged from June of 1999.

(Tr. at 284-85, 292-93.)   On August 16, 2001, Dr. Robert J. Crow of Neurological Associates, Inc., reviewed the MRI, compared it to the 1999 study, and offered these opinions:

> She has a central spur/disc protrusion at L5-S1 without significant compression of the neural elements; this has not changed over the last two years.   * * *
> IMPRESSION:   Chronic low back pain with degenerative disc disease. No obvious compression of the neural elements.   The patient's examination is essentially normal.   The lower extremity symptoms sound much like a diabetic peripheral neuropathy.

5

> RECOMMENDATIONS for the chronic back pain would be conservative treatment with physical therapy, medications and pain clinic evaluation and management.
> RECOMMENDATIONS for the lower extremity symptoms would be medical neurology evaluation.   I see no reason for scheduled follow-up.

(Tr. 288-89.)   That concludes the relevant medical evidence dated prior to October 1, 2004.   The State agency physicians all agreed that there was insufficient evidence as of September 30, 2004, to assess Claimant's condition for the purpose of evaluating disability.   (Tr. at 134-35, 171, 210.)

Despite this state of the record, Claimant contends that the ALJ should have given great weight to the opinions of Dr. Khorshad which are contained in a "Medical Assessment of Ability to do Work-Related Activities (Physical)," dated August 13, 2009, five years *after* the date last insured.   Many of the hand-written comments on the Assessment are illegible, but it is possible to discern that Dr. Khorshad would limit Claimant to lifting less than 25 pounds, standing or walking no more than 30 minutes, but zero minutes without interruption, sitting no more than 30 minutes but zero minutes without interruption.   (Tr. at 294-95.)   The medical findings that support this assessment, according to Dr. Khorshad, include the July 28, 2001 MRI, which he recites as showing "spinal stenosis and nerve root impingement."   *Id.* at 294.)   The undersigned notes that the MRI report reads, "*mild* spinal stenosis and *possible* nerve root impingement."

The remainder of the medical evidence offers little support for a finding that Claimant was disabled as of September 30, 2004.   As pointed out by the ALJ, Claimant saw Dr. Khorshad on September 8, 2004 for her diabetes, but did not mention her back impairment.   (Tr. at 14.)   Her next complaint about her back to Dr. Khorshad was in

6

October of 2007, after she pulled on heavy furniture. *Id.*

The ALJ gave "no weight to the findings of Dr. Khorshad, as the doctor's opinion contrasts sharply with the other evidence of record.   Further, the doctor's own reports fail to reveal the type of significant limitations he has assessed, and his opinion is accordingly rendered less persuasive."   (Tr. at 16.)

In evaluating the opinions of treating sources, the Commissioner generally must give more weight to the opinion of a treating physician because the physician is often most able to provide "a detailed, longitudinal picture" of a claimant's alleged disability. See 20 C.F.R. § 404.1527(d)(2) (2010).   Nevertheless, a treating physician's opinion is afforded "controlling weight only if two conditions are met: (1) that it is supported by clinical and laboratory diagnostic techniques and (2) that it is not inconsistent with other substantial evidence."   Ward v. Chater, 924 F. Supp. 53, 55 (W.D. Va. 1996); see also, 20 C.F.R. § 404.1527(d)(2).   The opinion of a treating physician must be weighed against the record as a whole when determining eligibility for benefits.   20 C.F.R. §§ 404.1527(d)(2).   Ultimately, it is the responsibility of the Commissioner, not the court to review the case, make findings of fact, and resolve conflicts of evidence.   Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990).   As noted above, however, the court must not abdicate its duty to scrutinize the record as a whole to determine whether the Commissioner's conclusions are rational.   Oppenheim v. Finch, 495 F.2d 396, 397 (4th Cir. 1994).

If the ALJ determines that a treating physician's opinion should not be afforded controlling weight, the ALJ must then analyze and weigh all the evidence of record, taking into account the factors listed in 20 C.F.R. § 404.1527.   These factors include: (1)

7

Length of the treatment relationship and frequency of evaluation, (2) Nature and extent of the treatment relationship, (3) Supportability, (4) Consistency, (5) Specialization, and (6) various other factors.  Additionally, the regulations state that the Commissioner "will always give good reasons in our notice of determination or decision for the weight we give your treating source's opinion."   Id. § 404.1527(d)(2).

Under § 404.1527(d)(1), more weight is given to an examiner than to a non-examiner.  Section 404.1527(d)(2) provides that more weight will be given to treating sources than to examining sources (and, of course, than to non-examining sources).  Section 404.1527(d)(2)(i) states that the longer a treating source treats a claimant, the more weight the source's opinion will be given.   Under § 404.1527(d)(2)(ii), the more knowledge a treating source has about a claimant's impairment, the more weight will be given to the source's opinion.   Section 404.1527(d)(3), (4), and (5) adds the factors of supportability (the more evidence, especially medical signs and laboratory findings, in support of an opinion, the more weight will be given), consistency (the more consistent an opinion is with the evidence as a whole, the more weight will be given), and specialization (more weight given to an opinion by a specialist about issues in his/her area of specialty).

There is no indication in Dr. Khorshad's report that he limited his opinion regarding Claimant's ability to work to the month of September, 2004.   There is simply no evidence, from Claimant's treating physician or otherwise, which demonstrates that Claimant was disabled as of September 30, 2004.   The undersigned proposes that the presiding District Judge **FIND** that the Commissioner's decision that the plaintiff was not disabled on or before September 30, 2004, is supported by substantial evidence.

For the reasons set forth above, it is hereby respectfully **RECOMMENDED** that the presiding District Judge **AFFIRM** the final decision of the Commissioner and **DISMISS** this matter from the court's docket.

The parties are notified that this Proposed Findings and Recommendation is hereby FILED, and a copy will be submitted to the Honorable John T. Copenhaver, Jr. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen days (filing of objections) and then three days (mailing/service) from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.   Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155 (1985); Wright v. Collins, 766 F.2d 841, 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984).   Copies of such objections shall be served on opposing parties and Judge Copenhaver.

The Clerk is directed to file this Proposed Findings and Recommendation and to transmit the same to counsel of record.

January 23, 2012
          Date

Mary E. Stanley
United States Magistrate Judge