```
          UNITED STATES DISTRICT COURT
        SOUTHERN DISTRICT OF WEST VIRGINIA
                 AT CHARLESTON
```

JENNY M. WALLS

    Plaintiff,

v.                                  Civil Action No. 2:11-0028

MICHAEL J. ASTRUE,
Commissioner of Social Security,

    Defendant.

<u>MEMORANDUM OPINON AND ORDER</u>

This matter is before the court pursuant to Rule 72(b) of the Federal Rules of Civil Procedure on plaintiff's objection to the proposed Findings and Recommendation ("PF & R") of United States Magistrate Judge Mary E. Stanley, entered January 23, 2012.[1]

I.   Background

Plaintiff Jenny Walls filed an application for disability insurance benefits on June 1, 2007, alleging disability as of September 1, 2004, due to being diabetic and arthritic, and having problems with her back, nerves, hips, and legs.  Inasmuch as her insured status expired on September 30,

---

[1] Also pending is plaintiff's motion to extend time to file objections to the proposed findings and recommendations, filed February 10, 2012.  It is ORDERED that plaintiff's motion be, and it hereby is, granted.

2004, the last date by which plaintiff was eligible to receive disability insurance benefits was September 30, 2004.  Her claim was denied initially, as well as upon its reconsideration.  On January 9, 2008, plaintiff requested a hearing before an administrative law judge ("ALJ").  By decision dated October 5, 2009, the ALJ determined that Walls was not entitled to benefits.  The ALJ's decision became the final decision of the Commissioner of the Social Security Administration on November 20, 2010, when the Appeals Council denied plaintiff's request for review.

On January 12, 2011, Walls instituted this action seeking judicial review of the administrative decision pursuant to 42 U.S.C. § 405(g).  The sole issue before the court is whether the final decision of the Commissioner denying plaintiff's claim for benefits is supported by substantial evidence.  See id.; Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996).  The magistrate judge, in her findings and recommendation, concluded that the ALJ's decision was supported by substantial evidence and recommended that the Commissioner's decision denying plaintiff benefits be affirmed.

Plaintiff's objection to the PF & R, filed February 10, 2012, reasserts an argument that was addressed by the magistrate judge in the PF & R, namely, that the ALJ erred in

2

his evaluation of the record, particularly with respect to the ALJ's assessment of the opinion of plaintiff's treating physician, Dr. Khorshad. The Commissioner responded in opposition to plaintiff's objection on February 22, 2012.

## II. Analysis

Generally, a treating physician's opinion is accorded controlling weight if "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] case record." 20 C.F.R. § 404.1527(d)(2). If the ALJ determines that a treating physician's opinion should not be afforded controlling weight, the ALJ analyzes and weighs all the evidence of record, taking into account the factors listed in 20 C.F.R. §§ 404.1527(d) in determining the weight to give the opinion.[2]

Plaintiff contends that the ALJ failed to apply each of these factors after declining to accord her treating physician controlling weight. The Commissioner responds that the ALJ was not required to specifically address these factors

---

[2] These factors include the length of the treatment relationship; the frequency of examinations; the nature and extent of the treatment relationship; support of the opinion afforded by medical evidence; consistency of the opinion with the record as a whole; and specialization of the treating physician. 20 C.F.R. § 404.1527(d).

3

inasmuch as the relevant opinion of plaintiff's treating physician in support of disability is, <u>inter alia</u>, irrelevant.

Plaintiff alleges she became disabled on September 1, 2004, 29 days prior to the date last insured. (Tr. 9, 119). The Commissioner found that despite her claims of permanently disabling symptoms between September 1, 2004 and September 30, 2004, the record does not establish that plaintiff was so limited that she could not work. (Tr. 9-17). The record contains little medical evidence during the time period beginning on September 1, the alleged onset date, and September 30, the date last insured. To be specific, plaintiff saw Dr. Khorshad in September 2004 for laboratory tests of blood and urine and to refill a prescription. (Tr. 198-209). The urinalysis testing yielded normal results. (Tr. 199-201). Dr. Khorshad noted then that plaintiff was "at goal" for glucose control, hypertension, and hyperlipidemia. (Tr. 323). He also treated her again for flu in mid-September.

Instead, plaintiff relies on a physical capacity assessment conducted by Dr. Khorshad on August 13, 2009, five years <u>after</u> the date last insured and less than a week before plaintiff's hearing before the ALJ. Dr. Khorshad opined that plaintiff could occasionally lift or carry less than 25 lbs.; could stand or walk for no more than 30 minutes in an eight-hour

4

workday; could sit no more than 30 minutes in an eight-hour workday; could never climb, balance, stoop, crouch, kneel, or crawl; but had no limitations in reaching, handling, fingering, and feeling.  (Tr. 269).  The ALJ gave "no weight" to this report for a variety of reasons, including the fact that it "contrasts sharply with the other evidence of record" and that the "doctor's own reports fail to reveal the type of significant limitations he has assessed."  (Tr. 16).  Importantly, as the magistrate judge observed, "[t]here is no indication in Dr. Khorshad's report that he limited his opinion regarding Claimant's ability to work to the month of September, 2004."  In this way, the ALJ and magistrate found that Dr. Khorshad's 2009 assessment and report does not relate to September 2004, and is simply irrelevant for the purposes of plaintiff's claim for disability benefits.  The court agrees.

     To qualify for disability insurance benefits, the plaintiff "must prove that she became disabled prior to the expiration of her insured status."  Johnson v. Barnhart, 343 F.3d 650, 655-56 (4th Cir. 2005).  In Johnson, the plaintiff contended that the ALJ failed to give proper weight to the opinion of her treating physician.  Specifically, the plaintiff in that case relied on a "Physical Capacities Questionnaire and Assessment" that purportedly supported a finding of disability

5

and that was completed by her treating physician over nine months after the plaintiff's last date insured. Id. The court of appeals concluded that the court "need not determine whether substantial evidence supports the ALJ's rejection of the assessment because the March 2002 assessment is not relevant to our inquiry." Id. at 655. Like the plaintiff in Johnson, Walls makes no argument that the disabilities contained in the assessment by Dr. Khorshad existed on or prior to the last date insured, September 30, 2004. Moreover, as the magistrate judge recognized, no objective medical evidence supports the impairments observed by Dr. Khorshad as existing prior to September 30, 2004. Rather, plaintiff simply asserts that reversal is required because the ALJ failed to mechanically apply the § 404.1527(d) factors to Dr. Khorshad's 2009 report.[3]

Ultimately, the magistrate judge correctly determined that the ALJ's rejection of the report of plaintiff's treating physician, Dr. Khorshad, was well-supported by the fact that it

---

[3] Even if the court were to decide that the ALJ should have applied the § 404.1527(d) factors to Dr. Khorshad's 2009 report, there is no indication that the ALJ did not do so implicitly as to the entirety of the evidence before him. Indeed, plaintiff does not contend that the ALJ failed to explain why he afforded no weight to the report. See 20 C.F.R. § 404.1527(d)(2) ("We will always give good reasons in our notice of determination or decision for the weight we give your treating source's opinion."). In this connection, the ALJ provided sufficient information to permit judicial review of his assessment of Dr. Khorshad's opinion.

was rendered five years after the relevant time period of September 2004. As the magistrate judge appropriately observed, there was "no indication in Dr. Khorshad's report that he limited his opinion regarding Plaintiff's ability to work to the month of September 2004." The magistrate judge properly concluded that there was no record evidence, from plaintiff's treating physician or otherwise, that plaintiff was disabled as of September 30, 2004. After thorough analysis, the magistrate judge correctly determined that the ALJ's decision to accord no weight to Dr. Khorshad's 2009 report was supported by substantial evidence.

Having reviewed the record de novo, the court concludes that the ALJ appropriately characterized and weighed the evidence, and the magistrate judge accurately and fully evaluated the ALJ's decision.

### III. Conclusion

For the foregoing reasons, and having reviewed the record de novo, the court adopts and incorporates herein the magistrate judge's proposed findings and recommendation in their entirety. The court accordingly ORDERS as follows:

1. That judgment on the pleadings be, and it hereby is, granted to defendant; and

2. That the final decision of the Commissioner be, and it hereby is, affirmed.

The Clerk is directed to forward certified copies of this written opinion and order to all counsel of record and the United States Magistrate Judge.

ENTER: March 20, 2012

John T. Copenhaver, Jr.
United States District Judge